James P. Krauzlis, Esq.
Martin F. Casey, Esq.
**CASEY & BARNETT, LLC**
305 Broadway, Suite 1202
New York, New York 10006
(212) 286-0225
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X        19 Civ.
CERTAIN UNDERWRITERS AT LLOYD'S and
RICELAND FOODS, INC.,                                                     **COMPLAINT**

       Plaintiffs,

   - against -

M/V CENTURY MELODY, her engines, etc., *in rem*, DOWA LINE CO., LTD., DOWA LINE PANAMA, INC., DOWA LINE AMERICA CO., LTD., BLUE WATER SHIPPING COMPANY, *in personam*,

       Defendant.
-----------------------------------------------------------------X

      Plaintiffs, CERTAIN UNDERWRITERS AT LLOYD'S and RICELAND FOODS, INC., by and through their attorneys, CASEY & BARNETT, LLC, as and for their Complaint, allege upon information and belief as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

      2.     At all material times, RICELAND FOODS, INC (hereinafter "RICELAND" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of one of the states of the United States with an office and place of business located at 2120 S Park Avenue,

Stuttgart, AR 72160-6822, and was the owner of the consignments of rice laden on board the M/V CENTURY MELODY, as more specifically described below.

3. At all material times, CERTAIN UNDERWRITERS AT LLOYD'S (hereinafter "LLOYD'S" or "Plaintiff") was and is an insurance and reinsurance market located in London, United Kingdom, organized and existing by virtue of the laws of the United Kingdom, operating as a partially-mutualized marketplace within which multiple financial backers, grouped in syndicates, come together to pool and spread risks and issue Certificates of Insurance, with an office and place of business located at One Lime Street, London EC3M 7HA, United Kingdom, and was the cargo underwriter of the consignment of rice laden on board the M/V CENTURY MELODY, as more specifically described below.

4. At all material times, DOWA LINE CO., LTD., (hereinafter "DOWA" or "Defendants") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 7-5, Nishi-Shinbashi 2-Chome, Minato-Ku, Tokyo, 105-0003 JAPAN and was the owner and/or parent corporation of the owner of the vessel M/V CENTURY MELODY.

5. At all material times, defendant, DOWA LINE PANAMA, INC., (hereinafter "DOWA PANAMA" or "Defendants") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Apdo 4493, Avenida Federico Boyd y, Calle 51 20, Panama City PANAMA, and owned, operated, managed and/or charted the M/V CENTURY MELODY, that operates between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V CENTURY MELODY, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

6. At all material times, defendant, DOWA LINE AMERICA CO., LTD., (hereinafter "DOWA AMERICA" or "Defendants") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at The Dowa Building, 707 E. Palisade Avenue, Englewood Cliffs, NJ 07632, and owned, operated, managed and/or charted the M/V CENTURY MELODY, that operates between various foreign and domestic ports and, in particular, within this district and was the owner, owner pro hac vice, charterer, manager and/or operator of the M/V CENTURY MELODY, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

7. At all material times, defendant, BLUE WATER SHIPPING COMPANY, (hereinafter "BLUE WATER" or "Defendants") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 4739 Utica Street, Suite 103, Metairie, Louisiana 70006, and operated as agents for the vessel M/V CENTURY MELODY, that operates between various foreign and domestic ports and, in particular, within this district and was the vessel agent of the M/V CENTURY MELODY, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

8. Plaintiffs bring this action on their own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

## RELEVANT FACTS

9. On or about February 16, 2018, a consignment, consisting of 4,765.013mt of bulk long grain milled rice, then being in good order and condition, was delivered to the M/V CENTURY MELODY and Defendants and/or their agents at Darrow, LA, for transportation to

Port au Prince, Haiti, in consideration of an agreed upon freight, pursuant to Bills of Lading numbered 610703315(A)PAP, 610703315(B)PAP and 610703315(C)PAP, all dated February 16, 2018 and subject to all terms and conditions of the governing charter party dated January 29, 2018.

10. Thereafter, the aforementioned consignment was loaded aboard the M/V CENTURY MELODY and Bills of Lading numbered 610703315(A)PAP, 610703315(B)PAP and 610703315(C)PAP were all issued, subject to all terms and conditions of the governing charter party dated January 29, 2018, and the vessel sailed for its intended destination.

11. Thereafter the consignment was discharged at the port of Port au Prince, Haiti, at which time it was discovered the subject cargo was not delivered in the same good order and condition as when first received by Defendants at the port of loading but, to wit, with damage, wetness and contamination to said cargo.

12. As a result of the damages sustained to the shipment while in the care, custody and control of Defendants, RICELAND sustained a loss.

13. The damage to the cargo was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and breach of bailment on the part of the Defendants.

14. At all times relevant hereto, a certificate of insurance no. 7784-4600-0064-5 was in effect between RICELAND and LLOYD'S, through Ed Broking LLP (B0702CM306840I), which provided coverage for, among other things, loss or damage to the consignment.

15. Pursuant to the aforementioned contract of insurance between RICELAND and LLOYD'S, monies have been expended on behalf of RICELAND to the detriment of Underwriters at LLOYD'S due to the damages sustained during transit.

16. As LLOYD'S has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, LLOYD'S has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

17. By reason of the foregoing, Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $1,148,252.00.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

18. The Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in paragraphs 1 through 17, inclusive, as if herein set forth at length.

19. Pursuant to the contracts entered into between the parties, Defendants owed a contractual and statutory duty to Plaintiff's assured to carry, bail, keep and care for, protect and deliver the subject cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

20. The Defendants breached their contractual and statutory duties by failing to properly carry, bail, keep and care for, and protect the subject cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

21. As a direct and proximate result of said breach of contract by Defendants, the Plaintiffs have suffered damages in the amount presently estimated to be no less than $1,148,252.00.

22. By reason of the foregoing, the Plaintiffs have sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $1,148,252.00.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

23. The Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in paragraphs 1 through 22, inclusive, as if herein set forth at length.

24. Pursuant to their obligations as a bailee for hire of the subject cargo, the Defendants owed contractual and statutory duties to Plaintiff's assured to carry, bail, keep and care for, protect and deliver the subject cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

25. The Defendants breached their duties as a bailee for hire by failing to properly carry, bail, keep and care for, protect and deliver the subject cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

26. As a direct and proximate result of the breach of bailment by the Defendants, the Plaintiffs have suffered damages in the approximate amount of $1,148,252.00.

27. By reason of the foregoing, the Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $1,148,252.00.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

28. The Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 27, inclusive, as if herein set forth at length.

29. The Defendants owed a duty to the Plaintiff's assured to carry, bail, keep and care for, protect and deliver the subject cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

30. The Defendants breached and were negligent in their duties to carry, bail, keep and care for, protect, handle and deliver the subject cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

31. As a direct and proximate result of the negligence by the Defendants, the Plaintiffs have suffered damages in the approximate amount of $1,148,252.00.

32. By reason of the foregoing, the Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $1,148,252.00.

### IN THE ALTERNATIVE, AND AS AND FOR ITS FOURTH CAUSE OF ACTION
### PETITION TO COMPEL ARBITRATION

33. The Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in paragraphs 1 through 17, inclusive, as if herein set forth at length.

34. Plaintiff RICELAND and Defendants entered into a valid and enforceable written arbitration agreement pursuant to which both parties were required to submit all their disputes to Arbitration in New York.

35. The agreement containing the arbitration clause involves a "Maritime transaction", as herein defined by 9 U.S. Code § 1, as it involves a contract for carriage under a bill of lading issued by an ocean carrier which falls within This Honorable Court's Admiralty Jurisdiction pursuant to 28 U.S.C. §1333.

36. The agreement to arbitrate the subject cargo claim is a "valid, irrevocable, and enforceable" agreement to arbitrate within the meaning of 9 U.S. Code § 2.

37. "Valid, irrevocable, and enforceable" arbitration agreements may be enforced in United States district court by means of "an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

38. But for the arbitration clause, the subject dispute would be within the original Admiralty Jurisdiction of This Honorable Court pursuant to 28 U.S.C. §1333.

39. On March 1, 2019, Plaintiffs demanded arbitration of the underlying dispute by letter sent to Defendants, by Registered Mail, Return Receipt Requested as well as by email transmission of the arbitration demand letter in which, in addition to demanding arbitration pursuant to the agreement to arbitrate between Plaintiffs and Defendants, Plaintiffs, through their attorneys, appointed its arbitrator, Thomas F. Fox.

40. The Federal Arbitration Act authorizes this Court to enforce the "valid, irrevocable, and enforceable" agreement by compelling the parties to arbitrate their dispute. 9 U.S.C. §§ 3, 4.

**WHEREFORE,** Plaintiff prays:

1. The Court order, adjudge and decree that Defendants be found liable to Plaintiffs, jointly and severally, and Defendants be liable and ordered to pay to Plaintiffs the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs;

2. In the alternative, Plaintiffs pray This Honorable Court issue an order, pursuant to 9 U.S.C.§ 4, directing Defendants to proceed to arbitration in accordance with the arbitration agreement between Plaintiffs and Defendants, and to direct Defendants to appoint an arbitrator within ten (10) days of said order, failing which This Honorable Court will, upon letter application from Plaintiffs, appoint an arbitrator on behalf of Defendants, and This Honorable Court retain jurisdiction to enforce any arbitration award duly issued by the duly constituted panel

of arbitrators in accordance with the underlying arbitration agreement and/or This Honorable Court's orders pertaining thereto, and;

      3.      That this Court grant to Plaintiffs such other and further relief as may be just and proper.

Dated: New York, New York
       March 1, 2019
       176-86

                                **CASEY & BARNETT, LLC**
                                Attorneys for Plaintiffs

By: _____
                                James P. Krauzlis, Esq.
                                Martin F. Casey, Esq.
                                **CASEY & BARNETT, LLC**
                                305 Broadway, Suite 1202
                                New York, New York 10006
                                (212) 286-0225
                                Attorneys for Plaintiffs